HOOD, Judge.
This is a mandamus suit instituted by Vermilion Dairymen’s Cooperative Association against W.W.N., Inc. Plaintiff seeks a judgment directing the officers of defendant corporation to cancel a stock certificate which had been issued to William G. Broussard, and to transfer the shares of stock described in that certificate to plaintiff. A petition of intervention was filed in this suit by Broussard, in which he prayed that the demands of plaintiff be rejected.
Judgment was rendered by the trial court rejecting plaintiff’s demands and dismissing the suit.
This case was consolidated for trial with the companion suit of Broussard v. O’BRYAN, et al., La.App., 270 So.2d 127. We are rendering judgment in that companion suit on this date.
The record indicates that no appeal has been taken by any of the parties to this suit. No order of appeal appears in the record, and no appeal bond has been filed.
Broussard, the plaintiff in the companion suit (Broussard v. O’Bryan, et al., supra) appealed from the judgment which was rendered in that action, but his appeal was limited to the companion suit. Vermilion Dairymen’s Cooperative Association filed an answer to the appeal which was taken in the companion suit, and in that answer it indicated that it also was answering an appeal in the present suit. Since no appeal has been taken in this action, however, the answer of Vermilion cannot serve as an appeal from the judgment rendered by the trial court in this suit.
We assume that the record in the instant suit was lodged in this court simply because the cases had been consolidated for trial in the district court. The granting of an appeal in one case, however, does not automatically bring up on appeal every other case which may have been consolidated with it for trial. We cannot review the judgment of the trial court in this instance, since no appeal has been taken.
For the reasons assigned, the record in the instant suit is remanded to the district court.
Remanded.